Barbara Barron
3149 Sweetwater Springs Blvd.
#186
Spring Valley, CA 91978
(619) 569-3330
bbarron_99@yahoo.com

**FILED**
APR 13 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Barbara Barron, in Pro Se

*original*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Barbara Barron, an individual

    Plaintiff

vs.

National University, a California corporation, Michael Cunningham, President of National University, an individual, Mark Moses, dean of National University, an individual, Maggie Grimes, Center Director of National University, an individual,

    Defendants

Case No.: **15 CV 0 8 21 CAB JMA**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, CONSPIRACY TO VIOLATE CIVIL RIGHTS, BREACH OF CONTRACT, INTENTIONAL AND NEGLIGENT INFLICTION OF MENTAL AND EMOTIONAL DISTRESS, ENFORCEMENT OF CALIFORNIA CIVIL CODE SECTION 3294 ET SEQ., VIOLATION OF CALIFORNIA STATE UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§ 52 AND 52.1 ET SEQ; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING); PROMISSORY ESTOPPEL**

**JURY TRIAL DEMANDED**

## JURISDICTION AND VENUE

1. The jurisdiction of the Federal Court herein is based on 28 U.S.C. § 1331 et seq., U.S. Const. Art. III, §2, 42 U.S. Code § 2000d-2 et seq.,42 U.S.C. 6101 et seq., Title VII of the Civil Rights Act of 1964, as amended.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil

- 1 -
COMPLAINT FOR CIVIL RIGHTS VIOLATION, ET AL

actions arising under the Constitution, laws or treaties of the United States.

    b. 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdictions over actions to secure civil rights extended by the United States government.

    c. 28 U.S.C. § 1367, which gives the District Court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Defendant National University is a California non-profit corporation doing business in San Diego County, California and a recipient of federal student loan funds.

5. Defendant Michael Cunningham is an individual employed by National University (hereinafter NU) as president in San Diego county. Defendant is sued in his official capacity as president. As such, he has a duty to ensure NU compliance with applicable state and federal laws as a recipient of federal funding programs.

6. Defendant Mark Moses, is an individual employed by NU as dean in San Diego county. Defendant Moses is sued in his official capacity as dean and, as such, has a duty to ensure NU compliance with applicable state and federal laws.

7. Defendant Maggie Grimes, is an individual employed by NU as Center Director for the NU La Mesa campus located in San Diego county. Defendant Grimes is sued in her official capacity and has a duty to ensure compliance with applicable state and federal laws.

8. Plaintiff Barbara Barron (hereinafter "plaintiff") is a 68-year-old citizen of the United States residing in San Diego county and a June 2006 graduate of NU.

## FACTS

9. Plaintiff entered NU into a nursing program advertised by NU as accelerated. Unbeknownst to plaintiff, the NU program was not accredited, although plaintiff was led to believe and reasonably relied on said belief entering the NU accelerated nursing program and, consequently,

the federal funds to pay for the NU program were not legally available to plaintiff due to lack of defendant NU's accreditation status.

10. As a result of this unexpected circumstance plaintiff, along with other similarly-situated students, was forced to sign for NU Help Loan to continue in the program until such time as federal funds would be legally available for NU nursing students.

11. Plaintiff signed this essentially adhesion contract under duress in order to remain in the accelerated program.

12. Time was critical to plaintiff as she was entering a new career at the age of 58 and was desirous to complete the program without delay.

13. Plaintiff, utilizing federal funds, completed and paid for the remainder of the NU program, graduating cum laude in June 2006; despite encountering age discrimination within the nursing program requiring the assistance of the federal Office of Civil Rights intervention in order to ensure graduation.

14. At the time of initial agreement to enter what plaintiff thought and believed to be a fully accredited program in the year 2004-2005, plaintiff was assured by NU personnel that computer access would always be available to all NU students/alumni.

15. Since graduating in 2006, plaintiff has at all times and continuously had unfettered, welcoming access to all computers available to students and/or alumni in all NU facilities; approximately 8 years of continuous use. This has been invaluable assistance to plaintiff.

16. Of particular value to plaintiff, is the La Mesa NU computer room that plaintiff has used since approximately September 2013. The computer room is located very close to plaintiff's residence while the other computer rooms are over 12 miles away from plaintiff's domicile; a 24 mile round trip.

COMPLAINT FOR CIVIL RIGHTS VIOLATION, ET AL.

17. On or about September 2013, plaintiff entered the La Mesa NU satellite center and inquired if computers were available to alumni. Plaintiff identified herself as an NU alumna. Plaintiff did not know if there was a computer room at that location. The NU receptionist replied that plaintiff could use the computer room at the La Mesa location. There are approximately 50 computers, a printer and a scanning device in the computer room.

18. Plaintiff did use the NU La Mesa computer room from September 2013 forward, providing her student number to defendant Maggie Grimes, Center Director, in approximately March 2014.

19. At all relevant times, the computer room was either empty or almost empty; many times the lights did not activate due to lack of activity detected by the sensors as plaintiff, most times, was the only person using the computer room.

20. On or about 22 July 2014, after approximately 10 months of continuous use, defendant Maggie Grimes told plaintiff that plaintiff could not use the computer room because plaintiff owed money to NU, referring to the adhesion contract referenced *supra.*

21. Defendant Grimes stated that NU services were no longer available to plaintiff, citing the 2004-2005 catalog, a copy of the pertinent page was provided to plaintiff by defendant Grimes with items circled in yellow highlighter pen.

22. Plaintiff was the oldest person using the NU La Mesa facility as an alumna and appeared almost daily, leading defendant Grimes to become dissatisfied with an older, poor-appearing alumna using the facility that was under defendant Grimes' control.

23. Bothered by plaintiff's continuous use, defendant Grimes searched for and used the pretext of a pre-existing 2004 debt as an excuse to expel plaintiff from the La Mesa NU facility on July 22, 2014, despite knowing of plaintiff's NU number since March 2014.

24. Defendant Grimes' decision to expel plaintiff was based on plaintiff's age and appearance of being poor; a sight that was offensive to Grimes on a daily basis. Grimes' intention is to expel older alumna, utilizing any possible pretext, from using the La Mesa computer rooms on a regular basis, leaving only younger students able to enjoy daily access to the facility.

25. On or about August 11, 2014, defendant Mark Moses, ratified defendant Grimes' conduct by e-mail to plaintiff.

26. Defendant Cunningham refused to respond to plaintiff in any significant manner, but has been informed of the above developments and concerns in writing and, by conduct, ratified the actions of his subordinates.

27. Plaintiff continues to have unfettered, welcomed access to all computer facilities at NU, except for the La Mesa location controlled by defendant Grimes.

## COUNT 1

**(Age discrimination under 28 U.S.C. § 1331et seq., U.S. Const. Art. III, §2, 42 U.S. Code § 2000d-2 et seq.,42 U.S.C. 6101 et seq., Title VII of the Civil Rights Act of 1964, as amended)**

28. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

29. Defendants conspired to deprive plaintiff of equal treatment under applicable state and federal law by expelling plaintiff from using the NU La Mesa computer room based on defendant Grimes' age-discrimination animus and ratified by defendants Cunningham and Moses.

30. Defendants acting together violated plaintiff's civil rights by excluding her from using the La Mesa computer room due to being 67 years old. It is apparent that the defendants, acting in

COMPLAINT FOR CIVIL RIGHTS VIOLATION, ET AL

concert ratified defendant Grimes' denial of plaintiff's access to the NU La Mesa center defendants controlled.

31. The stated reason for the Defendants' conduct was not the true reason, but instead was pretext to hide the defendants' actual discriminatory animus.

## COUNT 2

**(California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1)**

32. . Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

33. By expelling plaintiff from the La Mesa computer room that she had freely used for approximately 10 months based on personal characteristics, defendants interfered with plaintiff's federal and state constitutional and statutory rights by means of threats, intimidation, and/or coercion and directly and proximately damaged plaintiff, as herein alleged, entitling plaintiff to recover a minimum of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damage

## COUNT 3

**(Conspiracy to violate civil rights)**

34. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

35. Defendants NU, Cunningham, Moses and Grimes together agreed to and did act in concert to deny and expel plaintiff from the NU La Mesa computer room due to plaintiff's physical characteristics such as age and appearance in violation of plaintiff's civil rights.

36. The animus of the defendants is to not permit older alumna to consistently use NU La Mesa computer room, while permitting consistent and long-term use of other NU computers to all alumni, age and appearance notwithstanding.

37. While other NU computer rooms, including the NU library, are available to all alumni as required by applicable state and federal law, NU La Mesa continues in illegal and arbitrary denial of use of the computers to plaintiff based on physical characteristics such as age, in violation of applicable state and federal civil rights acts.

## COUNT 4

**(California Civil Code § 3294, et seq)**

38. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

39. Defendant NU is responsible for the conduct of its executive agents because defendant Cunningham, along with defendant Moses, learned of the "oppression, malice and fraud" perpetrated by defendant Grimes on 22 July 2014, and adopted or approved it after it first occurred on July 22, 2014 by defendant Grimes.

40. Plaintiff communicated details of the July 22, 2014 occurrence by several e-mail to defendants Cunningham and Moses from 22 July 2014 until 13 August 2014.

41. All defendants cited herein possessed managerial authority over the decision to expel plaintiff on the basis of age or for any other pretext from using the NU La Mesa computer room.

## COUNT 5

**(Breach of Express Contract)**

42. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

43. On or about 2004, plaintiff and defendant NU entered into a contract that students and alumni would have access to NU computers without reservations or restrictions.

44. Plaintiff did use NU computers as an alumni for approximately 8 years in compliance with the contract.

45. Defendant did not require plaintiff to pay off any debt in order to access the NU computers from 2004 up to the present constituting a waiver by conduct and excuse of performance by operation of law on the part of defendants relative to plaintiff's debt.

46. Defendants breached the contract by expelling plaintiff from use of NU computers located at the La Mesa facility on 22 July 2014.

47. Plaintiff suffered and continues to suffer damages as a consequence thereof.

## COUNT 6

### (Breach of Implied Covenant of Good Faith and Fair Dealing )

48. Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

49. Defendants breached the duty of good faith and fair dealing on 22 July 2014, when they abruptly and without notice expelled plaintiff from using the NU La Mesa computer room based upon age/ physical characteristics; applied exclusively to the NU La Mesa facility.

50. Defendants created and used a pretext of debt owed to cloak their violation of plaintiff's civil rights.

51. Defendants do not acknowledge waiver by conduct or excuse of contractual obligations despite many years of consistent use of NU computers by plaintiff who remains indebted to NU for a Help loan, including during the approximately 10 months of use at the La Mesa location.

52. Defendants' conduct is not objectively reasonable conduct expected between a non-profit university and an alumni who utilized continuous unfettered access to NU computers for approximately 8 years and for approximately 10 months at the La Mesa location without objection by defendants, based on debt owed or any other objection.

53. Defendants conduct is not reasonable, not foreseeable, nor exercised in good faith. As a non-profit educational corporation that collected thousands of federal dollars from plaintiff over the course of the nursing program, it is not good faith or fair dealing by defendants to deny plaintiff

reasonable access after 8 years of use over an unenforceable "debt" that was based on oppressive conduct by defendants, as above-described.

## COUNT 7

### (Intentional infliction of mental and emotional distress)

54. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

55. Defendants, together and singly, engaged in a pattern of conduct designed to marginalize and remove plaintiff as an aged alumni from utilizing NU La Mesa facilities in the same manner as younger alumni and to deprive plaintiff of access to NU La Mesa facilities.

56. Defendants' acting in concert intend to deny plaintiff access to NU La Mesa facilities as plaintiff ages, effectively restricting access to alumni/students who are younger applied exclusively in the La Mesa location.

57. Defendants, who control and direct the NU La Mesa location, acted knowingly and unreasonably with the intent to inflict mental anguish, humiliation, emotional and physical distress on plaintiff.

58. Defendants' conduct was traumatic for plaintiff as she was denied her standing as a cum laude alumna, marginalized from participation in NU La Mesa location access due to perception of age, diminished as a person due to being viewed negatively based on age and appearance.

59. As a direct and proximate result of defendants' conduct, plaintiff has suffered general damages.

60. Defendants' conduct was done knowingly, willfully, and with malicious intent, and plaintiff is entitled to punitive damages.

## COUNT 8

### (Negligent infliction of mental and emotional distress)

61. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

62. All defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to plaintiff.

63. At all relevant times, all defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

64. Despite said knowledge, power, and duty, defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect plaintiff.

65. To the extent that said negligent conduct was perpetrated by certain defendants, the remaining defendants confirmed and ratified said conduct with the knowledge that plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to plaintiff.

66. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, humiliation, anguish, emotional anxiety as well as economic losses; all to her damage.

## Count 9

### (Promissory Estoppel)

67. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

68. In 2004, Defendants promised plaintiff and all prospective students, access to computers at National University without restrictions as to geography or time. Plaintiff justifiably relied on that promise and graduated cum laude from National University's nursing program. Following this, plaintiff undertook online degree courses, including, but not limited to, a Masters in Nursing Science online course. Additionally, plaintiff conducts all manner of business, performs job searches, and in all ways relies on the promise by National University of unlimited and unfettered access to computers.

69. Restricting or denial of access has caused plaintiff financial losses, mental and emotional distress, and threatens her ability to complete her educational courses.

COMPLAINT FOR CIVIL RIGHTS VIOLATION, ET AL

70. Injustice can be avoided only through enforcement of the promise. Plaintiff must be permitted to access the computers at the La Mesa National University facility in the same manner and under the same circumstances that she previously enjoyed.

## PRAYER

WHEREFORE, plaintiff prays for relief as hereunder appears.

1. Injunctive relief (prospective) because relief at law is inadequate
2. Compensatory damages
3. Punitive damages
4. Statutory damages, such as treble damages or fines
5. Attorneys' fees
6. Costs
7. Such other and further relief as the Court deems just and proper.

DATED: April 3, 2015

*Barbara Barron*
Barbara Barron
In Pro Se

COMPLAINT FOR CIVIL RIGHTS VIOLATION, ET AL